No. 90-462

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CAROL A. HASH,

        Petitioner and Appellant,

    -v-

MONTANA SILVERSMITH,

        Employer,

    and

STATE COMPENSATION MUTUAL INSURANCE FUND,

        Insurer/Defendant and Respondent.

**FILED**

APR 22 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court
                The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Denise Ackerman; Lloyd E. Hartford; Billings, Montana

        For Respondent:

                Richard E. Bach; State Compensation Mutual Insurance Fund; Helena, Montana


                        Submitted on Briefs: January 24, 1991

                                Decided: April 22, 1991

Filed:

                        [signature]
                        _____
                                Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Carol Hash appeals from a judgment of the Workers' Compensation Court, which held she failed to establish that she suffered a compensable back injury. The insurer, State Compensation Mutual Insurance Fund, has cross appealed the Workers' Compensation Court's judgment which held that Mrs. Hash suffered a compensable injury to her hands. We affirm.

The only issues we find necessary for review are:

1. Whether the Workers' Compensation Court's decision that Carol Hash failed to prove she suffered a compensable back injury is supported by substantial evidence;

2. Whether the Workers' Compensation Court's decision that Carol Hash suffered a compensable hand injury is supported by substantial evidence.

At the time of trial, Carol Hash (claimant) was fifty years old. She had worked for Montana Silversmith since 1981. Apparently she worked in the "buckle department" on a full time basis until she terminated her employment on April 24, 1987.

In 1985, claimant began having problems with her hands. In response to these problems, she sought medical attention from Dr. Phillip Griffin, a Billings rheumatologist. Dr. Griffin noted the formation of Heberden nodes in the claimant's fingers and concluded that the pain in her hands was caused by degenerative or primary osteoarthritis. According to Dr. Griffin, osteoarthritis is a disease of unknown cause or origin. During his deposition, he testified that the claimant's work activities could aggravate her

2

condition. However, this aggravation would be temporary in character. Once the work activity ceased, the aggravation would cease as well. In his opinion, no permanent damage would result from claimant's job related activities.

In December 1986 claimant saw Dr. Dernbach and complained about back pain, which was hurting to the point that she had numbness in her right leg. Eventually, she was referred to Dr. James Johnson who diagnosed her back condition as spondylolisthesis or spondylolysis. He prescribed physical therapy for her back. Dr. Johnson did not recall making any inquiry as to the nature of claimant's work and consequently did not have an opinion as to whether her condition was related to her employment. However, he did state his belief that her back condition was a congenital problem.

In early 1987, claimant informed her immediate supervisor that her job was aggravating her back and hands. On April 15, 1987, claimant informed her employer that she was going to file a claim for compensation on her back. Eventually the claimant terminated her employment due to ongoing problems with her back and hands.

As a result of claimant's filing for benefits, respondent, the State Fund, sent her to Dr. Susan English. Dr. English diagnosed osteoarthritis of the hands and spondylolisthesis of her back. In Dr. English's opinion the hand and back problems were not related. Based upon her examination of the claimant, Dr. English concluded that the claimant's job duties did not cause the osteoarthritis. She believed that claimant's work would, at the most, temporarily

3

aggravate claimant's hand condition and that the work would not produce any permanent effect. During her deposition, Dr. English testified that the claimant would have the same osteoarthritis problems regardless of her employment. It is "medically possible" however that micro trauma, associated with claimant's job could aggravate her osteoarthritis.

Initially, the State Fund agreed to accept liability for Mrs. Hash's claim as an occupational disease. The State Fund agreed to pay disability benefits until an occupational disease panel evaluation could be performed to determine what percentage of claimant's osteoarthritis was caused or contributed to by her employment. The panel evaluation was performed by Dr. William Shaw on June 19, 1989. Based upon this evaluation, Dr. Shaw concluded that claimant's disability was unrelated to occupational causes. As a result, claimant's benefits were terminated on September 11, 1989.

Claimant then filed a petition for a hearing before the Workers' Compensation Court. Following trial, before hearings examiner Robert J. Campbell, the Workers' Compensation Court found that claimant suffered a compensable injury to her hands. However, it found that she did not suffer a compensable injury to her back. The court could not determine, from the evidence presented, the nature and extent of her permanent disability. It therefore ordered her to file a new petition "with evidence of maximum healing and an election of permanent partial entitlement supported by appropriate evidence." This appeal followed.

4

Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of evidence or questions of fact. Steffes v. 93 Leasing Co. Inc. (1978), 177 Mont. 83, 580 P.2d 450. However, decisions of the Workers' Compensation Court must be based upon substantial credible evidence. O'Brien v. Guaranty Fund Services (1990), 241 Mont. 267, 786 P.2d 1189. If the conclusions of law are not supported by the court's findings of fact, those conclusions must be reversed. Hume v. St. Regis Paper Co. (1980), 187 Mont. 53, 608 P.2d 1063.

In accordance with this standard of review, the claimant argues that she established that she suffered a compensable injury to her back and that this Court should reverse the conclusions of the Workers' Compensation Court. Claimant correctly points out that an employer takes an employee the way he finds him. An employee who suffers from a preexisting condition is entitled to compensation if the condition was aggravated or accelerated by an industrial injury. Shepherd v. Midland Foods Inc. (1983), 205 Mont. 146, 666 P.2d 758.

However, before a worker is entitled to Workers' Compensation benefits, she must establish by a preponderance of evidence that an "injury" in fact occurred. Dumont v. Wickens Bros. Const. Co. (1979), 183 Mont. 190, 598 P.2d 1099. For the purposes of this case, injury is defined as

5

"a tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal harm and such physical condition as a result therefrom and excluding disease not traceable to injury . . ." Section 39-71-119, MCA (1985).

The claimant argues that she suffered an injury to her back, as defined by the above statute. She maintains that her back problems were a preexisting condition which was exacerbated by her employment. Eventually, her back condition became so bad she was forced to quit. In making this argument, claimant relies upon Shepherd v. Midland Foods Inc. (1983), 205 Mont. 146, 666 P.2d 758 and Hoehne v. Granite Lumber Co. (1980), 189 Mont. 221, 615 P.2d 863.

In Shepherd, the claimant suffered from degenerative arthritis in his knees. This preexisting condition was aggravated by the heavy work requirements of his job. Eventually, the claimant's knees collapsed and he was forced to quit work. The Workers' Compensation Court held he was ineligible for future benefits because he could not show that his condition was work related. On appeal, we reversed and held that uncontested medical evidence supported the conclusion that Mr. Shepherd's work related activities accelerated the arthritic condition of his knees and led to their eventual breakdown. Shepherd, 666 P.2d at 763.

In Hoehne, this Court recognized that a "tangible happening of a traumatic nature" need not be a single isolated incident, but may well be a "chain of incidents" leading to an injury. In Hoehne, the claimant's injury resulted from his job which required him to stack lumber on a daily basis. Eventually, this activity

6

led to the development of carpal tunnel syndrome, which this Court found to be an injury arising out of the claimant's employment.

Neither of these cases are applicable to the facts surrounding Mrs. Hash's back injury. In both cases, it was clear that the claimants' conditions were caused by their work activity. In Shepherd, the medical evidence established that the claimant's work aggravated his preexisting condition until his knees eventually broke down following a fall, which occurred at work. In Hoehne, the claimant established that the repetitive nature of his work directly led to the development of carpal tunnel syndrome. There was medical evidence to establish that Mrs. Hash suffered from a preexisting condition which was neither caused nor aggravated by her work.

All doctors agree that her back condition was a congenital defect which was not created by her employment. Because her spondylolysis is not traceable to any injury, the condition is not compensable and the judgment of the Workers' Compensation Court on this issue is affirmed.

The court did find, however, that claimant was entitled to compensation for her hands. The State Fund maintains that her hand condition, like that of her back, is not a compensable injury. It argues that the medical testimony illustrates that the osteoarthritis in claimant's hands would have been no different had she not engaged in her employment with Montana Silversmith and that the Workers' Compensation Court erred in awarding benefits. We disagree.

7

Both Dr. English and Dr. Griffin testified that it was possible that micro-trauma associated with Mrs. Hash's work aggravated her underlying condition. Proof of medical possibility can be used in conjunction with other evidence to support a grant of workmen's compensation benefits because of such aggravation. Viets v. Sweetgrass County (1978), 178 Mont. 337, 583 P.2d 1070.

It is uncontroverted that Mrs. Hash's hand condition manifested itself while she was employed with Montana Silversmith. Eventually, the pain in her hands became so severe she was forced to quit work. The micro-trauma associated with her work combined with her underlying condition to produce her disability.

After trial and after reviewing the witness testimony, the Workers' Compensation Court found that Mrs. Hash suffered a compensable injury to her hands. We cannot reverse this judgment unless there is no substantial evidence to support it. Taking all of the testimony as a whole, we hold that the judgment of the Workers' Compensation Court is supported by substantial evidence. The finding of the court that Mrs. Hash suffered a compensable injury to her hands is therefore affirmed.

Finally, Mrs. Hash maintains that the Workers' Compensation Court erred when it failed to determine the amount of permanent compensation benefits she was entitled to. We have reviewed the pretrial order in this matter and it is apparent that the issue of permanent benefits was not submitted to the court for resolution during trial. Therefore it would have been inappropriate for the Workers' Compensation Court to decide this matter. In order to determine the extent of her entitlement, Mrs. Hash must submit appropriate evidence to determine the nature and extent of her

8

permanent disability rating. The judgment of the Workers' Compensation Court, on this issue, is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices