No. 91-031

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

EBI/ORION GROUP,

Petitioner/Appellant and Cross-Respondent,

-vs-

STATE COMPENSATION MUTUAL INSURANCE FUND,

Defendant/Respondent and Cross-Appellant,

in re CLAUDE ATHEY,

Intervenor/Claimant.

APPEAL FROM: Workers' Compensation Court.
The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Bradley J. Luck and Charles E. McNeil; Garlington, Lohn & Robinson, Missoula, Montana.

For Respondent:

Richard E. Bach, Attorney at Law, Helena, Montana;

FILED

AUG 2 2 1991

Filed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: July 2, 1991

Decided: August 22, 1991

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

EBI/Orion Group appeals from the judgment of the Workers' Compensation Court which held that it was not entitled to indemnification from the State Compensation Mutual Insurance Fund for workers' compensation benefits paid to claimant, Claude Athey. We affirm.

Although several issues have been submitted on appeal, we find only one necessary to our review:

> Whether substantial credible evidence supports the Workers' Compensation Court's determination that no second injury occurred while State Compensation Mutual Insurance Fund was on risk.

On September 19, 1985, claimant, Claude Athey injured his back in a slip and fall accident. This injury occurred in the course and scope of his employment with Harp Line Construction. At this time Harp Line Construction was insured, for workers' compensation purposes, by EBI/Orion Group (EBI). Despite this injury, Mr. Athey continued to work until he was laid off seasonably and did not seek medical attention until February of 1986.

In May of 1986, Mr. Athey's treating physicians determined that his back condition had become medically stable. During the summer of 1986, Mr. Athey continued his employment with Harp Line Construction. His employment required him to engage in heavy work activities that periodically caused pain in the area of his back injury. At this point in time, Harp Line Construction was insured by the State Compensation Mutual Insurance Fund (State Fund).

On September 8, 1986, Mr. Athey was working particularly hard

2

lifting and stacking tires. He suffered an injury to his chest and stomach and also experienced pain in his back. He reported the injury to his superiors at Harp Line Construction and apparently determined that he could no longer work.

Mr. Athey filed a claim for workers' compensation benefits following this accident. Apparently, Mr. Athey has problems reading and writing, so consequently his employer filled out the form for him. Mr. Athey had not filed a claim after his slip and fall accident and it was his impression that the claim for compensation was for both the 1985 injury and his present injuries received when moving the tires. On receipt of the claim, the State Fund began payment of benefits under § 39-71-608, MCA, while its investigation of the circumstances surrounding the claim continued.

After investigation, the State Fund determined that the date of Mr. Athey's injuries was September 19, 1985, when EBI was the insurer at risk. On this basis, it terminated the benefits it had been paying Athey.

On January 23, 1987, EBI received a claim for workers' compensation benefits. Eventually EBI accepted liability for Mr. Athey's condition. However it retained a full reservation of rights to recover any amounts paid, from the State Fund, in the event further investigation revealed that a second injury occurred with the State Fund on risk. After settlement was reached with Mr. Athey, EBI requested that the State Fund contribute 50% toward the settlement. The State Fund refused.

EBI filed a petition before the Workers' Compensation Court

for determination of its right to indemnification from the State Fund. The Workers' Compensation Court granted summary judgment in favor of the State Fund. EBI appealed to this Court and we reversed. EBI/Orion Group v. State Compensation Ins. Fund (1989), 240 Mont. 99, 782 P.2d 1276. On remand we directed the Workers' Compensation Court "to determine whether Claude Athey had reached the condition of maximum healing following his injury of September 19, 1985, prior to his second injury, and whether in fact a second injury occurred." EBI/Orion Group, 240 Mont. at 105, 782 P.2d at 1280. In its Order on Remand, the Workers' Compensation Court denied EBI's claim for indemnification on the grounds that Athey did not suffer an "injury" on September 8, 1986. This appeal followed.

As stated above, the State Fund has cross-appealed from the judgment of the Workers' Compensation Court. It maintains that the court erred when it found that Mr. Athey had reached a medically stable condition before the accident of 1986. Because we affirm the Workers' Compensation Court we need not address this issue. A finding in favor of the State Fund on this issue would not change the result of this opinion. We need only review EBI's assignment of error that the lower court incorrectly found Mr. Athey did not suffer an injury in September of 1986.

The standard of review utilized when reviewing decisions of the Workers' Compensation Court is well established.

> Our function in reviewing a decision of the Workers'
> Compensation Court is to determine whether there is
> substantial evidence to support the findings and
> conclusions of that court. We cannot substitute our

4

judgment for that of the trial court as to the weight of evidence on questions of fact. Steffes v. 93 Leasing Co. Inc. (1978), 177 Mont. 83, 86, 580 P.2d 450, 452. However, decisions of the Workers' Compensation Court must be based upon substantial credible evidence. O'Brien v. Central Feeds (1990), 241 Mont. 267, 271, 786 P.2d 1169, 1172. If the conclusions of law are not supported by the Court's findings of fact, those conclusions must be reversed. Hume v. St. Regis Paper Company (1980), 187 Mont. 53, 608 P.2d 1063.

Hash v. Montana Silversmith (Mont. 1991), 810 P.2d 1174, 1175, 48 St.Rep. 364, 365.

The Workers' Compensation Court found that the State Fund was not legally required to indemnify EBI for benefits paid to Claude Athey. In reaching this conclusion, the court relied upon the Belton rule. Simply stated the Belton rule holds that once a claimant has reached maximum healing or a medically stable condition, the insurer at risk is no longer responsible for any subsequent injuries or conditions. See Belton v. Carlson Transport (1983), 202 Mont. 384, 389, 658 P.2d 405, 408. As this rule clearly states, in order for EBI to sustain a claim of indemnification against the State Fund it must establish two elements. First it must show that Mr. Athey had attained a condition of maximum healing. Second, it must establish that he sustained an injury after he reached maximum healing.

As stated above, the Workers' Compensation Court found, and EBI agrees, that Claude Athey had reached maximum healing before the injury of September 8, 1986. However, the Workers' Compensation Court did not find that Mr. Athey injured his back while lifting tires on that date. Based upon this finding, the court denied EBI's claim for indemnification.

5

EBI maintains that the Workers' Compensation Court's judgment on this issue was not supported by substantial evidence. In making this argument, EBI relies upon testimony elicited from Athey's doctors which suggests that the September 1986 accident permanently aggravated his condition. The Workers' Compensation Court did not attribute much weight to this testimony because it found that the doctors' responses to questions on this issue resulted more from skillful examination of EBI's counsel than from medical fact. This doctor was deposed ex parte and the other doctor's opinion contradicted an earlier report that he issued. In weighing all evidence including Athey's own testimony, the court determined that the back condition when Athey left work on September 8, 1986, was the result of Athey's gradually worsening condition and was not a separate injury that caused any permanent aggravation. Therefore no injury, within the meaning of § 39-71-119, MCA, occurred.

We disagree with EBI's argument that this conclusion was not properly supported. We have fully read the depositions that were submitted to the Workers' Compensation Court. It is by no means clear that Mr. Athey's 1986 accident permanently aggravated his underlying back condition or constituted an injury as that term is defined by the Workers' Compensation Act. While there may be some conflicting evidence on this point, the lower court's judgment is supported by substantial evidence.

Substantial evidence has been defined as that evidence that a reasonable mind might accept as adequate to support a conclusion. Although it may be based upon weak and conflicting evidence, in

order to rise to the level of substantial evidence it must be greater than trifling or frivolous. Christensen v. Britton (1989), 240 Mont. 393, 401, 784 P.2d 908, 913. In this case, the Workers' Compensation Court considered the depositions of all doctors involved in this case. It also took into account Mr. Athey's testimony concerning the circumstances surrounding his accident and injury and that his back hurt him all of the time and progressively worsened. Substantial evidence supports the court's judgment on this issue. Accordingly, its judgment is affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

August 22, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Bradley J. Luck and Charles E. McNeil
GARLINGTON, LOHN & ROBINSON
199 W. Pine, P.O. Box 7909
Missoula, MT 59807-7909

RICHARD E. BACH
State Compensation Mutual Ins. Fund
5 South Last Chance Gulch
Helena, MT 59601

Joseph F. Daley, Esq.
DALEY, SEAMAN & VANNOY
1325 Highway 2 West
Kalispell, MT 59901
Attorney for Claimant


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy