No.   92-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

CAROL HASH,

      Petitioner/Appellant,

  -v-

MONTANA SILVERSMITH,

      Employer,

  and

STATE COMPENSATION MUTUAL INSURANCE FUND,

      Insurer/Respondent.

FILED

FEB 2 - 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    The Workers' Compensation Court
                  The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Lloyd E. Hartford, Billings, Montana

      For Respondent:

          Richard E. Bach, State Compensation Insurance Fund,
          Helena, Montana


                 Submitted on Briefs:  November 24, 1992

                            Decided:  February 2, 1993

Filed:

_____
               Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal by the claimant, Carol Hash, from an order of the Workers' Compensation Court ruling that she had not suffered permanent disability as a result of her industrial injury, that she was not entitled to additional benefits beyond those already paid, and that she was not entitled to attorney's fees or costs. We affirm.

The claimant presents the following issues for our review:

1. Whether Mrs. Hash is permanently totally disabled as a result of her industrial injury.

2. Whether Mrs. Hash is entitled to retroactive payment of temporary total disability benefits and retroactive payment of all benefits withheld by respondent as an offset due to her receipt of Social Security Disability benefits.

3. Whether Mrs. Hash is entitled to an award of a reasonable attorney's fee and costs.

This Court previously affirmed the Workers' Compensation Court's conclusion that Mrs. Hash suffered a compensable injury to her hands. For a more complete discussion of the facts of this case, see Hash v. Montana Silversmith (1991), 248 Mont. 155, 810 P.2d 1174. Because the amount of permanent benefits, if any, was not settled in that proceeding, Mrs. Hash subsequently petitioned for a second hearing on the issue of entitlement to permanent total benefits retroactive to the date that she ceased working, with credit to respondent State Compensation Mutual Insurance Fund (State Fund) for Occupational Disease benefits paid under the Occupational Disease Act, §§ 39-72-101-714, MCA (1985).

Mrs. Hash suffers from osteoarthritis, a disease of unknown origin, which was aggravated by her job with Montana Silversmith. The State Fund paid Occupational Disease benefits under a full reservation of rights pending an Occupational Disease evaluation to determine the contribution of her employment, if any, to the osteoarthritis in her hands. The State Fund paid $9,686.51 in Occupational Disease benefits covering the time period from April 25, 1987 to September 25, 1989.

Thereafter, the State Fund discontinued Occupational Disease benefits based on a June 19, 1989 evaluation by Dr. William Shaw, a specialist in Occupational Medicine. Dr. Shaw determined that Mrs. Hash did not suffer from an occupational disease and that her osteoarthritis was neither caused by nor progressed more rapidly from her work activities at Montana Silversmith.

In the previous proceeding, the Workers' Compensation Court determined and this Court affirmed that Mrs. Hash suffered a compensable Workers' Compensation injury, microtrauma to her hands, on July 31, 1986. Hash, 810 P.2d at 1177. In the present proceeding, the Workers' Compensation Court evaluated testimony from three physicians before determining that Mrs. Hash did not qualify for further Workers' Compensation benefits because she did not meet the statutory requirements for "permanent total disability." Medical testimony included depositions from Dr. Shaw, Dr. Susan English and Dr. Phillip Griffin. Dr. Griffin was Mrs. Hash's treating physician in 1986. Dr. English initially examined Mrs. Hash at the request of the State Fund and later became Mrs. Hash's treating physician after her initial evaluation for the

State Fund. Dr. Griffin and Dr. English are certified internal medicine specialists with sub-specialties in rheumatology.

All three physicians testified that Mrs. Hash's condition, for which she seeks permanent total disability benefits, is naturally occurring and progressive osteoarthritis and that her job with Montana Silversmith at most only temporarily aggravated the symptoms of her condition without either contributing to or causing its onset or progression. Dr. English opined that the microtrauma suffered by Mrs. Hash aggravated her osteoarthritis for a period of several months, and that after several months, Mrs. Hash achieved maximum healing of her temporary aggravation of her compensable Workers' Compensation injury.

Although her osteoarthritis continued to degenerate and Mrs. Hash could not return to work, the medical experts testified that she would have the same osteoarthritis problems regardless of her employment. The Workers' Compensation Court concluded that the injury did not produce permanent disability and the employment-related aggravation of her naturally progressing osteoarthritis was temporary.

The Workers' Compensation Court determined that the benefits paid to Mrs. Hash, when calculated correctly without deducting an offset for Social Security Disability payments received by Mrs. Hash, were sufficient to pay benefits for 59.74 weeks at her temporary total disability rate, a period in excess of the "several months" Dr. English testified it took to reach maximum healing. However, the Workers' Compensation Court did not require Mrs. Hash to repay any overpaid benefits, noting that the State Fund did not

seek reimbursement for any overpayment to her.

The Workers' Compensation Court also refused to allow Mrs. Hash's attorney to incorporate time expended by him in litigating her prior petition before the Workers' Compensation Court and this Court with time and costs expended on this action because no benefits were awarded in excess of those already paid by the State Fund.

## I.

Whether Mrs. Hash is permanently totally disabled as a result of her industrial injury.

The previous appeal in this matter affirmed the Workers' Compensation Court's finding that Mrs. Hash suffered a compensable injury. Hash, 810 P.2d at 1177. However, the issue of permanent benefits was not litigated in that proceeding. The Workers' Compensation Court subsequently resolved that question by denying permanent disability benefits.

The Workers' Compensation Court stated that the issue was not whether Mrs. Hash was disabled, but whether her work was the cause of the disability. The court then found that Mrs. Hash failed to prove that her work was the cause of her disability, as required by § 39-71-116(13), MCA (1985). Section 39-71-116(13), MCA (1985), provides:

> (13) "Permanent total disability" means a condition resulting from injury as defined in this chapter that results in the loss of actual earnings or earning capability that exists after the injured worker is as far restored as the permanent character of the injuries will permit and which results in the worker having no reasonable prospect of finding regular employment of any kind in the normal labor market. Disability shall be supported by a preponderance of medical evidence. (Emphasis supplied)

The Workers' Compensation Court stated, "[h]ere, no permanent disability was proved to be caused by claimant's employment, and she has already been compensated for the temporary total loss which resulted from her employment's aggravation upon her naturally progressing osteoarthritis."

Mrs. Hash contends that this is error for two reasons: (1) she previously established the existence of a causal relationship between the job and her injury, and (2) §39-71-116(13) does not require proof that the injury produced permanent disability before an analysis need be made of loss of actual earnings or earning capability. By proving that the microtrauma to her hands aggravated her pre-existing osteoarthritis, Mrs. Hash established a causal relationship entitling her to temporary total disability benefits. Her pre-existing condition, however, requires her to further establish that the microtrauma to her hands proximately caused permanent total disability if she is to qualify for permanent total disability benefits under the Workers' Compensation Act.

Causation is an essential element to benefit entitlement. The claimant has the burden to prove a causal connection by a preponderance of the evidence. Grenz v. Fire and Casualty of Conn. (1991), 250 Mont. 373, 380, 820 P.2d 742, 746. In Grenz, the claimant similarly argued that microtrauma caused him to develop his degenerative joint disease. Grenz, 820 P.2d at 745-46. Mrs. Hash notes that she does not challenge the Workers' Compensation Court's conclusion that she achieved maximum medical healing by the fall of 1987. However, she does contend that such a finding

triggers a reevaluation of her disability status, requiring a classification as either permanently totally disabled or permanently partially disabled. She claims that the court avoided doing this by holding that she had failed to establish a causal connection between her injury and disability.

Our standard for reviewing the findings and conclusions of the Workers' Compensation Court is to determine whether there exists substantial credible evidence to support them. White v. Ford, Bacon & Davis Texas, Inc. (Mont. 1992), ___ P.2d ___, 49 St.Rep. 1117, 1118. Conclusions of law, whether made by an agency, Workers' Compensation Court, or other trial court will be upheld if the interpretation of the law is correct, regardless of the reasons given for the conclusion. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

All three medical experts here testified that Mrs. Hash's hand condition is naturally occurring and progressing osteoarthritis and that her occupation temporarily aggravated the symptoms of her condition without either contributing to or causing its onset or progression. Dr. English testified that within several months after Mrs. Hash quit her job in April 1987, any aggravation in her underlying symptoms caused by her employment should have been "back to what would have been there without the job;" and that the condition would be the same as the doctor had observed on July 2, 1987, regardless of claimant's employment. Dr. English further testified that although it was possible that Mrs. Hash's work could have aggravated her symptoms of osteoarthritis, the underlying condition would have progressed in the same manner regardless of

her activities.

Dr. Griffin testified that people with such a condition get arthritis regardless of their occupations and that he knew of no occupation that would make a change in the time of onset of the disease or make it worse. Dr. Shaw testified to his opinion that Mrs. Hash was not suffering an occupational disease. Both Dr. Griffin and Dr. Shaw concurred with Dr. English's opinion that the microtrauma to Mrs. Hash's hands could have aggravated her condition, but that such aggravation would be temporary in character and would not cause permanent damage over that caused by the basic progression of the disease.

After a thorough review of the medical evidence presented in this case, we conclude that there is substantial credible evidence to support the Workers' Compensation Court's finding that Mrs. Hash failed to establish a causal connection between her current condition and the 1986 injury. Mrs. Hash has failed to demonstrate by a preponderance of the evidence that her current condition is attributable to her employment with Montana Silversmith.

Mrs. Hash further contends that if a claimant asserts an entitlement to permanent benefits, the law requires a determination of whether the claimant has suffered the loss of actual earnings or earning capability. While Mrs. Hash may well be able to establish an actual loss of earnings or earning capacity, to do so would be irrelevant here. Mrs. Hash has not proved that her injury caused her present condition. Without that causal connection, she does not meet the criteria of § 39-71-116(13), MCA (1985), which would qualify her to receive permanent disability benefits. We conclude

that the Workers' Compensation Court correctly refused to address whether Mrs. Hash lost actual earnings or earning capacity.

We affirm the District Court's finding that Mrs. Hash is not permanently totally disabled as a result of her industrial injury.

## II.

Whether Mrs. Hash is entitled to retroactive payment of temporary total disability benefits and retroactive payment of all benefits withheld by respondent as an offset due to her receipt of Social Security Disability benefits.

Mrs. Hash argues that she is entitled to additional benefits for the period previously found compensable by the Workers' Compensation Court because the State Fund was not entitled to offset those benefits because of her receipt of Social Security Disability benefits. The total amount Mrs. Hash received is in excess of what she would have received at the full rate with no offsets for the time for which compensation was allowed for temporary disability. As argued by the State Fund, the net effect is that Mrs. Hash is not entitled to additional benefits over those previously paid. She has received substantially more than the Workers' Compensation Court found she was entitled to receive. We conclude that Mrs. Hash is not entitled to a lump sum in the amount of the total withheld Social Security Disability offset.

We affirm the Workers' Compensation Court's holding that Mrs. Hash is not entitled to retroactive payment of temporary total disability benefits and retroactive payment of all benefits withheld by respondent as an offset due to her receipt of Social Security Disability benefits.

## III.

Whether Mrs. Hash is entitled to an award of a reasonable attorney's fee and costs.

Mrs. Hash did not succeed in her attempt to obtain permanent total disability benefits here. Therefore, the Workers' Compensation Court correctly denied further payment for attorney fees. We conclude that she is not eligible for attorney fees under §§ 39-71-611 or 612, MCA (1985). We further conclude that Mrs. Hash may not incorporate time expended by her attorney litigating her prior petition with those of this action because she is not entitled to any further benefits in excess of those already paid by the State Fund.

We affirm the Workers' Compensation Court's holding that Mrs. Hash is not entitled to an award of a reasonable attorney's fee and costs for expenses incurred relating to her unsuccessful claim for permanent total disability benefits.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

February 2, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

LLOYD E. HARTFORD
Attorney for Claimant
P.O. Box 1517
Billings, MT 59103-1517

Richard E. Bach, Legal Counsel
State Compensation Mutual Insurance Fund
P.O. Box 4759
Helena, MT 59604-4759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy