No. 92-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

LOUIS C. KINGSCOTT, III,

Claimant and Appellant,

-v-

CARP'S DRAIN CLEANING, Employer,

and

STATE COMPENSATION MUTUAL INSURANCE FUND,

Defendant and Respondent.

APPEAL FROM:    The Workers' Compensation Court,
                Of the State of Montana,
                The Honorable Timothy J. Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Thomas A. Marra, Marra, Wenz, Johnson & Hopkins,
                Great Falls, Montana

        For Respondent:

                Laurence A. Hubbard, State Compensation Mutual
                Insurance Fund, Helena, Montana

FILED

Filed:    MAR 23 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:    February 4, 1993

Decided:    March 23, 1993

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Appellant (Kingscott) appeals from a judgment of the Workers' Compensation Court. We affirm.

The issue is whether the court erred in finding that Kingscott did not satisfy the notice requirement of § 39-71-603, MCA, which states:

> No claim to recover benefits under the Workers' Compensation Act, for injuries not resulting in death, may be considered compensable unless, within 30 days after the occurrence of the accident which is claimed to have caused the injury, notice of the time and place where the accident occurred and the nature of the injury is given to the employer or the employer's insurer by the injured employee or someone on the employee's behalf. Actual knowledge of the accident and injury on the part of the employer or the employer's managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury is equivalent to notice.

Kingscott was employed by Carp's Drain Cleaning (Carp). His duties included apartment maintenance, drain cleaning and septic tank pumping. His job was physically demanding, requiring lifting of equipment and machinery.

Kingscott claims on his first day of work, December 1, 1990, he was injured in handling a 90-pound spool of cable (cleaning snake). It started to slip from his grip, and in attempting to prevent it from falling on his legs and feet, he pushed it away from his body and felt a snapping sensation in his back. Kingscott testified that J. Carpenter, one of the owners, was present and asked him if he was okay. He told J. Carpenter he was fine. Carpenter denies he was present. Kingscott did not tell anyone at Carp he was injured by this incident. He did see a medical doctor

2

on December 13, 1990, and attended physical therapy sessions. Kingscott continued to work for Carp.

Kingscott testified, while working alone on February 8, 1991, he again was handling one of the cable spools. It started to slip and while directing it away from his body, his back was injured. Kingscott testified he did not immediately inform his employer because he needed the job. He continued to work through March 4, 1991. He again went to see the medical doctor, first on February 13, 1991, and on later dates. The doctor did not recall Kingscott ever mentioning the injury. Further factual matters will be set forth in the following discussion.

Whether the notice of injury requirement of § 39-71-603, MCA, has been complied with, is a question of fact. The findings and conclusions of the Workers' Compensation Court will be upheld by this Court using the following test:

> "Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of evidence on questions of fact. Steffes v. 93 Leasing Co. Inc. (1978), 177 Mont. 83, 86, 580 P.2d 450, 452. However, decisions of the Workers' Compensation Court must be based upon substantial credible evidence. O'Brien v. Central Feeds (1990), 241 Mont. 267, 271, 786 P.2d 1169, 1172. If the conclusions of law are not supported by the Court's findings of fact, those conclusions must be reversed. Hume v. St. Regis Paper Company (1980), 187 Mont. 53, 608 P.2d 1063."

EBI/Orion Group v. State Compensation Mut. Ins. Fund (1991), 249 Mont. 449, 452, 816 P.2d 1070, 1072; quoting Hash v. Montana Silversmith (1991), 248 Mont. 155, 158, 810 P.2d 1174, 1175.

3

A number of witnesses testified for the various parties. The credibility of the witnesses was the major determining factor in this case. For example, Kingscott's wife testified that she contacted Carp on two occasions on March 5, 1991. She called first to tell Carp her husband was sick and second to advise Carp of the February 8, 1991 injury. The employer's witnesses testified they were not told on March 5 that Kingscott was injured. Mrs. Kingscott stated she also went to the employer's office on March 8, 1991, and told them of the December, 1990 injury and the February 8, 1991 injury. The employer's witnesses admit she told them of the December, 1990 injury but did not tell them of the February 8, 1991 injury. The record is replete with conflicting testimony.

The Workers' Compensation Court heard the testimony, viewed the demeanor of the witnesses and judged their credibility. The record reveals direct substantial testimony in support of the court's findings. There is no strong or conclusive paper trail relative to the giving of notice. We conclude the testimony supporting the trial court's findings and conclusions was substantial and the judgment is therefore affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

4

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt Sr._

_Fred J. Weber_
Justices

5

March 23, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Thomas A. Marra
Marra, Wenz, Johnson & Hopkins
P.O. Box 1525
Great Falls, MT  59403-1525

Laurence A. Hubbard, Legal Counsel
State Compensation Mutual Ins. Fund
P.O. Box 4759
Helena, MT  59604-4759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy