No.  94-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JAMES VOSSLER,

      Petitioner and Appellant,

  v.

LUMBERMENS  MUTUAL  CASUALTY,

      Respondent/Insurer  for

INTERSTATE  BRANDS  CORPORATION,

      Employer and Respondent.

**FILED**

JUN 1 9 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court
               The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Thomas J. Lynaugh, Lynaugh, Fitzgerald,
          Eiselein & Eakin, Billings, Montana

      For Respondent:

          Thomas A. Marra, Marra, Wenz, Johnson
          & Hopkins, Great Falls, Montana

Submitted on Briefs:  March 30, 1995

Decided:  June 19, 1995

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The petitioner, James Vossler, filed a petition for hearing in the Workers' Compensation Court for the State of Montana in which he sought disability benefits and reimbursement for medical expenses as a result of his psychological condition which he alleged was disabling and work related. After trial, the Workers' Compensation Court found that Vossler was not a credible witness and that he was not disabled as a result of any psychological condition which was caused by a work-related accident. Therefore, the court denied Vossler's claim for disability benefits and medical expenses incurred to treat his psychological condition. Claimant appeals from the Workers' Compensation Court's findings, conclusions, and judgment. We affirm the Workers' Compensation Court.

We conclude that the following issue is dispositive on appeal:

Was the Workers' Compensation Court's decision to deny Vossler additional temporary total disability benefits and reimbursement for expenses incurred to treat his psychological condition supported by substantial evidence?

<u>FACTUAL BACKGROUND</u>

James Vossler was injured during the course of his employment as a relief driver for Sweetheart Bakery on September 4, 1990, when he slipped and fell while exiting his truck. At the time of his accident, Sweetheart was enrolled under Compensation Plan II of the Workers' Compensation Act, and was insured by Lumbermens Mutual

Casualty. Lumbermens accepted Vossler's claim for compensation benefits and paid temporary total disability benefits from September 5, 1990, to October 7, 1990, and from December 5, 1990, until November 5, 1992. His benefits were terminated when Dr. John Cahill, a neurologist, expressed the opinion that there was no physical impairment which would preclude him from returning to his previous job.

This action was commenced on October 12, 1993, when Vossler filed a petition in the Workers' Compensation Court in which he sought temporary total disability benefits retroactive to November 5, 1992, as well as payment for psychotherapy. It was his contention that he suffers from disabling psychological problems as a result of his work-related injury.

A trial of the issues raised by Vossler's petition and Lumbermens' response was held in the Workers' Compensation Court on February 1, 1994. James Vossler presented deposition testimony from Richard Agosto, Ph.D., a clinical psychologist who had treated him since December 1992, and had seen him on more than 25 occasions. Dr. Agosto testified that Vossler suffered from depression, mild organic brain impairment, and a somatoform disorder, which is the unconscious exaggeration of pain. It was his opinion that "some elements" of the organic brain disorder preexisted Vossler's work-related accident, but that his depression and somatoform pain disorder were caused by the accident.

In response to Dr. Agosto's testimony, Lumbermens offered live testimony from Donna Veraldi, Ph.D., a clinical psychologist who had examined Vossler and investigated his condition at Lumbermens' request.

While a number of other witnesses were called, either in person or by deposition, by both parties, the conflicting testimony of these two witnesses frames the issue raised by Vossler on appeal, and our discussion is, therefore, limited to their opinions.

Dr. Veraldi expressed the opinion that Vossler was either malingering or suffered from a factitious disorder. She testified that both terms are used to describe the purposeful production of symptoms. The Diagnostic and Statistical Manual of Mental Disorders III-R, which was relied on by Dr. Veraldi, states, on page 315, that "[f]actitious disorders are therefore characterized by physical or psychological symptoms that are intentionally produced or feigned." It differs from malingering in the sense that malingering has a specific purpose, while the motivation for factitious disorder may be more vague. It was Dr. Veraldi's opinion that this psychological condition was not related to Vossler's industrial accident, and that while he might suffer some mild depression, he had no psychological damage as a result of his work-related accident which precluded him from returning to work.

4

The Workers' Compensation Court found Dr. Veraldi's testimony more persuasive that Dr. Agosto's in light of other evidence, and denied Vossler's petition for benefits.

<u>DISCUSSION</u>

Was the Workers' Compensation Court's decision to deny Vossler additional temporary total disability benefits and reimbursement for expenses incurred to treat his psychological condition supported by substantial evidence?

On appeal, Vossler contends that because the testimony of his treating therapist, Dr. Agosto, was entitled to greater weight, and because the consultant retained by Lumbermens was unable to say whether Vossler's complaints were related to factitious disorder or malingering, there was insufficient evidence to support the Workers' Compensation Court's judgment.

We have held that a Workers' Compensation Court decision will be upheld if it is supported by substantial credible evidence. *White v. Ford, Bacon & Davis Texas, Inc.* (1992), 256 Mont. 9, 13, 843 P.2d 787, 789. We have also held that substantial evidence can be defined as

> that evidence that a reasonable mind might accept as
> adequate to support a conclusion. Although it may be
> based upon weak and conflicting evidence, in order to
> rise to the level of substantial evidence it must be
> greater than trifling or frivolous.

*EBI/Orion Group v. State Compensation Mut. Ins. Fund* (1991), 249 Mont. 449, 453, 816 P.2d 1070, 1073 (citing *Christensen v. Britton* (1989), 240 Mont. 393, 401, 784 P.2d 908, 913). Furthermore, the testimony of one witness

5

is sufficient to prove any fact at issue in this case. Section *26-1-301*, MCA.

Where there is evidence to support the contentions of both parties, and the trial court enters findings after weighing the conflicting evidence, we have held that "[t]his Court will not substitute its judgment for that of the Workers' Compensation Court concerning the credibility of witnesses or the weight given their testimony." *Hartfield v. City of Billings* (1990), 246 Mont. 259, 264, 805 P.2d 1293, 12 96 ( citing *Houtchens v. State Employment Security Division* (19 8 8 ), 232 Mont. 99, 102, 754 P.2d 824, 826).

The issue, then, is whether giving the appropriate deference to the testimony of Vossler's treating psychotherapist, and considering Dr. Veraldi's testimony in its entirety, there was sufficient evidence to support the findings and judgment of the Workers' Compensation Court. Based on the following summary of Dr. Veraldi's testimony, we conclude that there was sufficient evidence.

Dr. Veraldi testified that she has a Ph.D. in clinical psychology, is licensed to practice that profession in the State of Montana, and has been engaged in the private practice of clinical psychology in Billings since 1988. She is a fellow in the American College of Forensic Psychology.

At the request of Lumbermens, Dr. Veraldi reviewed Vossler's social security file, a number of his medical files, several

doctors' reports, and the deposition testimony taken from several witnesses in this case.

On October 30 and 31, 1991, Dr. Veraldi performed a neuro-psychological evaluation of Vossler, which included an oral history and the administration of numerous tests.

Following this evaluation, she interviewed people from his place of work, reviewed additional medical records, visited the accident site, and spoke with at least one of his doctors.

Based upon Dr. Veraldi's education, training, experience, and the nature of her evaluation, there was no objection by Vossler that she was unqualified to express an opinion regarding his psychological condition.

It was Veraldi's opinion that Vossler was either malingering or suffered from a factitious disorder, both of which indicate the purposeful production of symptoms. She disagreed with Dr. Agosto's opinion that Vossler's psychological condition, other than some mild depression, was related to his industrial accident. She expressed the opinion that while Vossler did need some psychological treatment, the problem for which he needed treatment was not caused by a work-related accident. She expressed the opinion that whatever psychological damage did result from his work-related accident would not preclude him from returning to work.

On cross-examination, Dr. Veraldi acknowledged that since it was unclear to her what Vossler's motives were for making up

7

symptoms, she could not technically distinguish between malingering and factitious disorder. However, for purposes of supporting the Workers' Compensation Court's finding that Vossler's psychological condition is unrelated to his industrial accident, we conclude that such a distinction is unnecessary.

Although we have held that where all relevant medical testimony is offered by deposition, we are in as good a position as the trial court to weigh that testimony, that standard of review is not applicable in this case. Dr. Veraldi and Vossler testified in person. The Workers' Compensation Court was in a better position to evaluate their credibility than this Court, and our scope of review is simply to determine whether the trial court's findings are supported by substantial evidence.

Based upon the previous rules and discussion, we conclude that there was substantial evidence in the form of testimony from Donna Veraldi, Ph.D., to support the Workers' Compensation Court's finding that the claimant, James Vossler, did not suffer from a disabling psychological condition which resulted from an injury as defined in § 39-71-119, MCA, and its conclusion that Vossler was not temporarily totally disabled, as defined in § 39-71-116(28), MCA, and was not entitled to the benefits that he sought in his petition.

The judgment of the Workers' Compensation Court is affirmed.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices