JUSTICE ERDMANN
dissenting.
I respectfully dissent. I agree with the majority’s determination that the Workers’ Compensation Court did not err when it concluded that the parties were not mistaken in regard to the nature and extent of South’s injury at the time the settlement agreement was entered into. I disagree, however, with the majority’s conclusion that the parties were mutually mistaken in regard to the massage therapist position.
The majority states that the Workers’ Compensation Court failed to consider South’s contention of mutual mistake regarding the residual labor market issue. In fact, the Workers’ Compensation Court made both factual findings and conclusions of law specifically addressing this issue. The relevant factual findings are as follows:
18. Dr. Moseley testified that with the exception of the masseuse position the claimant is presently capable of performing all the jobs previously approved by Dr. Shaw.
19. The claimant testified that she would not have agreed to the 1990 settlement if she had known she would be unable to work as a masseuse. She did not, however, tell Transportation or its adjuster that her acceptance of the settlement was conditioned on the masseuse position. Moreover, I did not find her testimony in this regard credible.
20. Claimant has failed to persuade me that there was any mistake concerning her ability to perform the job of masseuse. As Dr. Moseley testified, “something new” occurred in 1990 or 1991 which affected the claimant’s spine at L4-5 level and worsened her condition. The Court is not persuaded that claimant would have been unable to work as a masseuse absent the additional occurrence.
21. Claimant has also failed to persuade me that the masseuse position was material to the settlement agreement. Dr. Shaw approved several jobs and, with the exception of masseuse, she can still perform those jobs. Claimant’s ability to perform several jobs was material to the agreement and she can still do so.
Conclusion of Law No. 3 reads as follows:
*406 3. The claimant also contends that a mutual mistake of material fact exists as to the parties’ understanding of her residual labor market. The contention fails for two reasons. First, claimant has failed to persuade me that her inability to work as a masseuse is due to her original injury. Second, even if the parties were mistaken as to the appropriateness of the masseuse position, the settlement was not based on that particular position but rather on the approval of several positions, only one of which is now deemed inappropriate. With the exception of the masseuse position, the claimant has the same residual market now as at the time of settlement. While she now asserts that she would not have entered into the settlement had she known that [she] could not work as a masseuse, she never communicated that fact to Transportation. Moreover, the Court is not persuaded that she would have in fact refused the settlement had the position been disapproved by Dr. Shaw.
This Court has reopened workers’ compensation settlements, but has done so rarely and reluctantly. See Whitcher v. Winter Hardware Co. (1989), 236 Mont. 289, 769 P.2d 1215. It is well established that this Court will not overturn the findings and conclusions of the Workers’ Compensation Court where there is substantial evidence to support them. Laber v. Skaggs Alpha Beta (1991), 247 Mont. 172, 175, 805 P.2d 1375, 1377. Nor will this Court substitute its judgment for that of the Workers’ Compensation Court as to the weight of evidence on questions of fact. EBI / Orion Group v. State Comp. Mut. Ins. Fund (1991), 249 Mont. 449, 452, 816 P.2d 1070, 1072. Even though conflicting evidence may exist in the record, it is the duty of the Workers’ Compensation Court, and not this Court, to resolve such conflicts, particularly when such decisions involve credibility of witnesses and live testimony. Smith v. United Parcel Service (1992), 254 Mont. 71, 75, 835 P.2d 717, 720.
To establish the element of mutuality, South testified that she would not have entered into the agreement if the masseuse position had not been approved. The Workers’ Compensation Court specifically found South’s testimony in this regard not to be credible. South also testified that she did not inform the insurer or its adjuster of this condition so it is impossible to establish that the insurer was even aware of South’s unilateral expectation.
South was approved for seven different positions. She selected one of those positions and was ultimately unable to complete the training. Now, rather than accept one of the six remaining positions, she *407 essentially argues that the agreement was for the masseuse position or nothing. In agreeing with South’s argument, the majority has ignored the essence of the agreement and has rewritten its terms. The fact that South cannot perform one of seven positions for which she was approved is not material to the overall contract.
I note that the majority properly cites the standards of review we use in appeals from decisions of the Workers’ Compensation Court, which are whether that court’s findings are supported by substantial evidence and whether its conclusions are correct. Unfortunately, the majority then completely ignores and fails to apply those standards to the decision before us.
The majority’s substitution of its judgment for that of the fact finder is evidenced by the statement: “We are not persuaded that the ‘massage therapist’job was not material to the contract” (emphasis added), in derogation of the Workers’ Compensation Court’s specific findings that it was not persuaded the job was material, based in large part on its credibility finding regarding South. Similarly, the majority “finds” that the job was a material part of the contract, in direct contravention of the Workers’ Compensation Court’s findings relating to that issue.
There was substantial evidence to support the Workers’ Compensation Court’s conclusion that there was no “mutual” mistake in regard to the masseuse position since the agreement was not conditioned on South’s ability to ultimately qualify for that particular position. The Workers’ Compensation Court correctly concluded that there was no mistake as to a “material” fact, since the agreement approved seven positions from which South could choose. She can still choose from six of the positions and there is no legal basis on which to rescind the settlement agreement. I would affirm the Workers’ Compensation Court.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY join in the foregoing dissenting opinion.