(No. 12470.—Judgment affirmed.)

THE G. H. HAMMOND COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DAVID EICH-BERG, Admr., Defendant in Error.)

*Opinion filed April 15, 1919—Rehearing denied June 4, 1919.*

1. WORKMEN'S COMPENSATION—*when death results from injury and not from intervening cause.* Where an employee is injured by a barrel of meat falling on his leg, the injury subsequently develops an abscess necessitating treatment at a hospital, where he suffers further injury by a fall while getting out of bed, breaking his leg where the abscess had attacked the bone, his death from shock when operated on six days later is properly regarded as due to the injury rather than to the intervening cause.

2. SAME—*employer who denies liability cannot, after award is made, elect to pay compensation to deceased's beneficiaries.* The provision of paragraph (*f*) of section 7 of the Workmen's Compensation act that compensation for an injury resulting in death may, at the option of the employer, be paid either to the personal representative of the deceased or to his beneficiaries, does not apply where the employer denies liability and refuses to make compensation until he has been adjudged liable in a proceeding conducted under the statute.

3. SAME—*when Industrial Commission is not required to declare proportion of award to each of beneficiaries.* Where compensation is awarded on an administrator's claim for an injury which results in death, paragraph (*f*) of section 7 of the Workmen's Compensation act authorizes the distribution to be made under the order of the court appointing the administrator, and where the beneficiaries are the wife and children of the deceased the Industrial Commission is not required to find and declare the proportion of the award each of the beneficiaries shall receive.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

T. M. COEN, for plaintiff in error.

SCOTT OSTEN CAVETTE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The circuit court of Cook county confirmed an award made by the Industrial Commission against the G. H. Hammond Company in favor of the administrator of the estate of Wowzymec Bonkowski, and certified that the case was a proper one to be reviewed by this court.

Bonkowski was employed by plaintiff in error November 9, 1914. His work was loading and unloading barrels of meat. He continued to work until the 16th of November, after which time he did not do any more work. He returned to his home after the last half day he worked for plaintiff in error, lame, complained of his leg hurting him, said he was sick and went to bed. Nine days later he was taken to the Cook County Hospital. The surgeon who treated him there testified that he had an abscess on the

left thigh which contained pus. The doctor opened it and drained the pus. He testified the abscess was the result of an injury to the leg. . After it was drained the patient got better but later osteomyelitis developed, necessitating an operation on the bone, which weakened the bone. When the operation was performed, January 15, 1915, Bonkowski was pale, anæmic, had lost flesh and could hardly walk. His general physical condition, due to infection, was run down and weakened and his vitality and powers of resistance lowered. The attending physician ordered him kept in bed, but subsequently an interne in the hospital permitted him to get out of bed. He fell and broke the bone at the place where it was diseased, which caused a severe hemorrhage. Afterwards, on September 6, 1915, another operation was performed, and a few hours later Bonkowski died. The doctor testified the death resulted from osteomyelitis, lowered resistance from long illness, hemorrhage and shock. The treatment given Bonkowski he said was necessary.

Plaintiff in error insists that the death was not due to an accident arising out of and in the course of the employment of the deceased but was due to an intervening cause. The testimony shows that November 16, 1914, deceased, with others, was engaged in unloading barrels of meat from a car. A barrel weighing about five hundred pounds was pried from its position on top of other barrels, suddenly fell and rolled, striking deceased, knocking him down and injuring his leg. The proof warrants the conclusion that the abscess which developed and caused deceased's removal to a hospital resulted from that injury. But plaintiff in error contends Bonkowski's death did not result from that injury but was due to his fall in the hospital, which intervened between the accident received where he was employed and the death. The testimony of the physician who treated Bonkowski was, in substance, that the abscess on his thigh was caused by an external injury; that the pus which had

formed had eaten through and destroyed the tissue and blood vessels and attacked the bone, which necessitated curetting and chiseling away a part of the bone. This weakened the bone, and while getting out of bed the limb gave way, Bonkowski fell to the floor and the femur broke at the place it was eaten by disease. He was operated on six days later and died from the shock the same day. The Industrial Commission was warranted by the proof in finding death resulted from the injury. *Bailey* v. *Industrial Com.* 286 Ill. 623.

It is insisted notice of the injury alleged to have caused the death was not given plaintiff in error within thirty days after the accident, as required by section 24 of the Workmen's Compensation act. The evidence shows that the deceased, while engaged in performing the duties of his employment, was struck by a falling or rolling barrel of meat weighing in the neighborhood of five hundred pounds. The foreman of the men with whom deceased worked testified Bonkowski told him he had been struck by a rolling barrel, had a pain in his leg and could not work any more. The foreman told him to go to the company doctor. Another witness testified to hearing the foreman notified by the deceased of his injury by the barrel. The widow testified he came home sick, complaining that his leg hurt him, and his walk indicated it. The leg was bruised black and blue from about two inches above the knee to the thigh. He was at home nine days before he was taken to the hospital. Mrs. Bonkowski went to plaintiff in error's office twice. She testified there were three men in the office. She could not tell who they were but thought one of them was time-keeper. It was the office where the men got their pay. She asked for half pay for her husband, and told the men in the office her husband was hurt while at his work by a barrel falling on his leg and was in bed. She was not known to the men in the office and they refused to pay her unless she was identified. The statute requires notice

of the accident to be given not later than thirty days after it happens. Notwithstanding the testimony of Mrs. Bonkowski was contradicted by witnesses for plaintiff in error, her testimony and that of other witnesses tends to show that notice of the accident was given within the time required, and that being the case, we cannot reverse the judgment and award, even if we were of the opinion, which we are not, that the finding that notice was given was contrary to the weight of the testimony.

Bonkowski left surviving him his wife and two children. An administrator of the estate was appointed and qualified and filed an application for compensation for a fatal injury to his intestate. The application was heard by an arbitrator October 11, 1916, and award made of $5.10 per week for a period of 416 weeks, as provided by paragraph (*a*) of section 7 of the Workmen's Compensation act. The award was confirmed on review by the Industrial Commission. Counsel for plaintiff in error moved the arbitrator to dismiss the proceeding brought by the administrator, and stated plaintiff in error elected, if liable, to make compensation to the beneficiaries of the deceased. The motion was denied, and it is claimed the judgment of the circuit court should be reversed and the award set aside for that reason. The argument in support of this position is that the right to the compensation is vested in the dependents of the deceased, is no part of his estate, and plaintiff in error elected, pursuant to paragraph (*f*) of section 7, to pay compensation, if liable therefor, to the dependents of deceased. The statute clearly recognizes the right of an administrator to prosecute an application for compensation and collect any award made, and provides that the payment of compensation to the personal representative of the deceased shall relieve the employer of all obligation as to the distribution of the fund, but such distribution shall be made by the personal representative pursuant to the order of the court appointing him. (Sec. 7, par. (*f*), *supra.*)

Plaintiff in error did not elect to pay an award to anyone without compulsion, so is in no position to invoke the provision of paragraph (f) of section 7 that compensation for an injury which results in death may, at the option of the employer, be paid either to the personal representative of the deceased employee or to his beneficiaries. That provision may be availed of by one who voluntarily pays the compensation, and does not apply where the employer denies liability and refuses to make compensation until he has been adjudged liable in a proceeding conducted under that provision of the statute. (*Smith-Lohr Coal Co.* v. *Industrial Com.* 286 Ill. 34.) Here plaintiff in error denied liability and it was necessary that an application for adjustment of claim for compensation be filed and determined in the regular way. Plaintiff in error at no time unequivocally elected to pay compensation to the beneficiaries of deceased, but the announcement of its election to pay the beneficiaries was qualified by the condition that it would do so if it was liable to make compensation on account of the death of the employee. Someone had to institute proceedings to determine that question, and the administrator was authorized to do that. Plaintiff in error was in no way injured or prejudiced by the requirement that it pay the administrator. The statute expressly provides that payment to the administrator shall relieve plaintiff in error of all obligation as to its distribution.

The proof showed deceased left a wife and two children. The amount of the award is authorized by paragraph (a) of section 7, and paragraph (f) of said section authorizes the distribution to be made under the order of the court appointing the administrator. The Industrial Commission was not required, therefore, to find and declare the proportion of the award each of the beneficiaries should receive.

The judgment is affirmed.          *Judgment affirmed.*