(No. 53439.—

THERMOS CO., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Mary Bice, Appellee).

*Opinion filed December 1, 1980.*

Peel, Henning, Mathers & McKee, of Galesburg (William H. Henning, of counsel), for appellant.

Lucie, Heiser & Slater, of Bushnell (Jim D. Lucie, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The claimant, Mary Bice, was employed in Macomb by the Thermos Company, which manufactures ice chests and thermos jugs. She worked on an assembly line located near machines that gave off chemical and plastic fumes. Complaining of respiratory difficulties, the claimant consulted Dr. Stephan L. Roth in October 1968 and was treated for acute bronchitis. In March of 1969 her condition was diagnosed as acute pharyngitis with laryngitis, and the medication prescribed by Dr. Roth provided only temporary relief. When she complained in April of chest pains, a sore throat and a productive cough caused by the bronchitis, Dr. Roth referred her to Dr. S. F. Guiang, an allergist in Burlington, Iowa. Dr. Guiang determined that the claimant had an upper-respiratory allergy caused by mold and dust and that her condition was aggravated by exposure to fumes at her place of employment.

The claimant's condition continued to worsen, and on January 18, 1971, complaining of severe shortness of breath and chest pains, she was admitted to McDonough District Hospital. She was treated for pneumonia, acute tracheobronchitis, and acute bronchial asthma and was discharged on February 8, 1971. By her physician's order,

the claimant did not return to work until January of the following year. She was assigned to a different department in another plant to avoid exposure to irritating fumes. In her new position she cleaned and boxed samples of products for use by the company's salespersons. In October of 1972, she was reassigned to the warehouse, where she placed thermos jugs into plastic chests for shipment to distributors. According to her testimony, some of these chests were delivered from plant No. 1, where she had first worked, before they were ventilated and, as a result, she again came in contact with noxious fumes. She consulted Dr. Roth in November of 1972, complaining of coughing spells and wheezing, and in December she was suffering from acute bronchial asthma, which caused marked shortness of breath.

The claimant was admitted to Blessing Hospital in Macomb on March 12 and remained there for six days under the care of Dr. F. C. Pajo. She did not return to work at the respondent's factory, but obtained employment a year later at a nursing home in Macomb. The claimant testified that she still suffers from pains in her chest and shortness of breath, which she contends has limited her physical activities.

Based on this testimony and medical reports of Drs. Roth, Pajo and Guiang which attributed the claimant's condition, at least in part, to the fumes at the respondent's plant, the arbitrator found that the claimant was "last exposed to the hazards of an Occupational disease" on January 18, 1971, and awarded her compensation for temporary total incapacity for 96 6/7 weeks. The arbitrator further found that an occupational disease had caused a permanent partial disability and awarded her additional compensation. The Industrial Commission affirmed and its decision was confirmed by the circuit court of McDonough County. The respondent filed a direct appeal to this court under Rule 302(a)(2). 73 Ill.

2d R. 302(a)(2).

The only question presented to us is whether the Commission's finding that the claimant was last exposed to the hazards of an occupational disease on January 18, 1971, rather than at some later date, was contrary to the manifest weight of the evidence. The respondent changed insurance carriers in 1972, and the carrier that had coverage in 1971 claims that the actual date on which the claimant was last exposed to the hazards of an occupational disease was some time in October of 1972.

Section 1(d) of the Workmen's Occupational Diseases Act in part provides:

> "The employer liable for the compensation in this Act provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure ***.
>
> The insurance carrier liable shall be the carrier whose policy was in effect covering the employer liable on the last day of the exposure rendering such employer liable in accordance with the provisions of this Act." (Ill. Rev. Stat. 1971, ch. 48, par. 172.36(d).)

The carrier that was liable as of January 18, 1971, argues that the claimant's testimony that she "was getting along pretty good" between April of 1972, three months after she returned to work, and October of 1972, when she was reexposed to the noxious fumes, supports the contention that she was symptom free of any occupational disease in that period. Therefore, it says that October 1972, when symptoms of her previous respiratory condition returned, should be considered the time of her last exposure to the hazards of an occupational disease.

We cannot agree. The record shows that by October of 1972 the claimant's upper respiratory system had already been impaired to the extent that she had suffered a permanent partial incapacity. Though her condition had improved during the 20 months she was not exposed to

the chemical fumes, the claimant did not testify, and the record does not show, that she had fully recovered. Furthermore, the medical records indicate that her earlier exposure had greatly increased her sensitivity to irritating odors and fumes and made her more vulnerable to permanent damage upon reexposure. It was for this reason that she was reassigned to another plant and why she eventually had to change her employment. We consider that the legislative intent under the circumstances here would be to determine not the date on which a claimant was last exposed in a literal and narrow sense only to the hazards of an occupational disease, but to determine the date of the last exposure which caused the claimant's incapacity. Upon a review of the record, it cannot be said that the Commission's finding that the claimant was last exposed to the hazard of an occupational disease on January 18, 1971, is contrary to the manifest weight of the evidence.

For the reasons given, the judgment of the circuit court of McDonough County is affirmed.

*Judgment affirmed.*