(No. 77402.—)

LUCIOUS LEE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Tootsie Roll Industries, Inc., Appellee).

*Opinion filed September 21, 1995.*

James E. Riley, of Chicago, for appellant.

Gregory E. Ahern, of Kane, Doy & Harrington, Ltd., of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

This appeal presents the question of whether an off-

duty employee may recover Workers' Compensation Act benefits for injuries sustained when he was struck by an automobile as he departed from an employer-approved medical clinic at which he received medical treatment for a prior work-related injury.

## Background

The claimant, Lucious Lee, was employed as a laborer by the respondent, Tootsie Roll Industries, Inc. On November 7, 1984, the claimant injured his thumb in a work-related accident. Although claimant did not file a worker's compensation claim for this injury, respondent paid for medical treatment arising from the injury. On December 10, 1984, after the end of claimant's normal work shift, he left his place of employment to go to the employer-approved medical clinic for follow-up treatment for his November thumb injury. After the treatment was completed, claimant left the clinic and crossed the street to board a bus. While crossing the street, he was struck by an automobile and injured his knee. Claimant required medical treatment for the knee injury and was unable to work for $10^1/2$ weeks.

Claimant sought compensation under the Workers' Compensation Act (the Act) for his knee injury. (820 ILCS 305/1 *et seq.* (West 1992).) The parties proceeded to arbitration. Following an evidentiary hearing, the arbitrator denied compensation for the knee injury because, generally, under Illinois law, injuries sustained away from the workplace in an accident during travel to or from work are not compensable under the Act. (See, *e.g., Doyle v. Industrial Comm'n* (1983), 95 Ill. 2d 103, 107.) The arbitrator found that the thumb injury did not contribute to the knee injury, and that the knee injury "did not arise from the course and scope of" the claimant's employment. The Industrial Commission confirmed the arbitrator's denial of compensation. However, the Commission framed the question of law as

whether injuries sustained during travel to or from follow-up medical treatment for prior work-related injuries are compensable under the Act.

Upon judicial review, the circuit court of Cook County confirmed the Commission's decision and held that a denial of compensation in the facts of this case was not contrary to law or against the manifest weight of the evidence. The circuit court found that the claimant failed to show that he had been performing an act reasonably incident to a duty of his employment at the time of the injury. The circuit court also determined that there was no causal connection between the work-related thumb injury and the subsequent knee injury, and that the claimant's injury did not occur either at his place of employment or at a place away from the jobsite to which the claimant was sent by his employer to perform a duty of his employment.

The Industrial Commission division of the appellate court, with one justice dissenting, upheld the denial of compensation. (262 Ill. App. 3d 1108.) The appellate court rejected claimant's argument that an off-duty employee's injury, sustained while returning from medical treatment, was compensable under the Act. The appellate court issued a certificate of importance pursuant to Supreme Court Rule 316. This court granted the claimant's petition for leave to appeal. 145 Ill. 2d R. 315(a).

Analysis

Under the Act, compensable injuries must arise out of and in the course of employment. (820 ILCS 305/1 (West 1992).) Both elements must co-exist in order for an employee's injury to be found compensable. (*Loyola University v. Industrial Comm'n* (1951), 408 Ill. 139, 143.) Injuries "arising out of" employment have been defined as those injuries originating in a risk created by a causal connection between the employment and the injury.

(*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 58.) A claimant has the burden of establishing the necessary causal relationship between the employment and the injury. (*Brady v. Louis Ruffalo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 548.) The claimant may establish this causal connection if the injury occurred while the employee was acting under the direction of the employer, if the injury occurred while the employee was performing an act reasonably incident to an assigned duty of employment, or if the injury occurred while the employee was acting pursuant to a statutory or common law duty while performing duties for his employer. *Howell Tractor & Equipment Co. v. Industrial Comm'n* (1980), 78 Ill. 2d 567, 573.

"In the course of" refers to the time, place and circumstances surrounding the injury. (*Scheffler Greenhouses, Inc. v. Industrial Comm'n* (1977), 66 Ill. 2d 361, 366.) Injuries sustained by employees away from the workplace during travel to and from work are, generally, not compensable. (*Butler Manufacturing Co. v. Industrial Comm'n* (1981), 85 Ill. 2d 213, 216.) However, there is an exception to this general rule for employees whose employment duties require travel away from the work site. (*David Wexler & Co. v. Industrial Comm'n* (1972), 52 Ill. 2d 506, 510.) Injuries to such employees occur in the course of employment if the employee's conduct, at the time of the accident, was reasonable and the risk of injury was foreseeable. *Humphrey v. Industrial Comm'n* (1979), 76 Ill. 2d 333, 336.

In this appeal, claimant contends that his knee injury is compensable because the injuries he sustained during travel from employer-provided medical treatment for work-related injuries arise out of and in the course of his employment. Claimant makes two arguments in support of this contention. First, claimant asserts that the accident occurred while he was perform-

ing an act reasonably incident to an assigned duty of his employment. Second, claimant argues that "but for" the prior work-related injury to his thumb, the knee injury would not have occurred.

We consider first whether claimant's knee injury occurred while the claimant was performing an act reasonably incident to his employment. According to claimant, his employer's instruction that he procure treatment at the clinic designated by his employer rendered his travel to the clinic an incident of his employment duties.

The Commission considered and rejected claimant's argument. The Commission concluded that the claimant was neither acting at the direction of his employer nor performing an act reasonably incident to his employment at the time of the knee injury. Where there is conflicting evidence, we will not disturb the Commission's factual determinations unless they are against the manifest weight of the evidence. (*Phelps v. Industrial Comm'n* (1979), 77 Ill. 2d 72, 75.) We conclude that the Commission's findings in this case were not against the manifest weight of the evidence.

Claimant testified before the Commission that he was authorized by his employer to visit the employer-approved clinic for treatment when his knee injury occurred on December 10, 1984. However, claimant's testimony was contradicted by his supervisor, who testified that he had no prior knowledge of and did not authorize claimant's December 10, 1984, visit to the clinic. The company nurse also testified that she did not issue a pass for the claimant to visit the clinic on that day. In denying compensation to the claimant, the Commission did not accept the claimant's version of the events. The Commission essentially found that the claimant was not acting under the direction of his employer at the time of the accident, nor was the claimant performing an act

reasonably incident to an assigned duty of his employment.

We find no sound basis in the record to disturb the Commission's findings. In the instant case, claimant was not compelled, as a condition of his employment, to obtain medical treatment on the date and time he chose. Both the claimant's supervisor and the company nurse testified that the claimant was neither authorized nor obligated to keep this particular appointment at the clinic. As a result, claimant's travel to the medical clinic was not a required duty of his employment.

Alternatively, claimant contends that he was performing an act incident to a statutory duty of employment at the time of his knee injury. We disagree. The claimant's presence at the employer-approved clinic for follow-up medical treatment after his regular working hours was not an act pursuant to any duty of employment, statutory or otherwise. Consequently, the claimant's knee injury, which occurred shortly after the completion of the claimant's follow-up medical treatment during travel away from the clinic, was not an injury sustained incident to a duty of employment.

Some jurisdictions have adopted the position that injuries sustained during travel to or from medical treatment for work-related injuries are compensable, because the Workers' Compensation Act imposes a statutory duty on employees to submit to employer-provided medical treatment for work-related injuries, and the provisions of the Act are an implied part of the employment contract. (See, *e.g., Taylor v. Centex Construction Co.* (1963), 191 Kan. 130, 379 P.2d 217; *Moreau v. Zayre Corp.* (Me. 1979), 408 A.2d 1289, 1294; 1 A. Larson, Law of Workmen's Compensation § 13:13, at 3—573 (1994).) The Kansas Supreme Court adopted this view in *Taylor v. Centex Construction Co.* (1963), 191 Kan. 130, 379 P.2d 217. In *Taylor,* the court held that an employee who was

injured in an automobile accident sustained compensable injuries if the injuries occurred during regular working hours while the employee was returning to the work site from the place of employer-authorized medical treatment for a prior work-related injury. The *Taylor* court reasoned:

> "[The Kansas Workers' Compensation Act] provides that an employee must submit to medical treatment, or lose his benefits during the period that he refuses to submit to non-dangerous medical treatment.
>
> The evidence is clear that the claimant suffered accidental injury *** in the course of his employment. The respondent was obligated to furnish medical treatment *** that could only be procured at the doctor's office ***. *** It would be folly to say that the claimant's trip to and from the doctor's office did not 'rise out of' the nature, conditions, obligations, or incidents of his employment.
>
> * * *
>
> In making the trip to the doctor's office, the hazards and risks of highway travel were incidents of his employment." *Taylor*, 191 Kan. at 136, 140, 379 P.2d at 221, 224.

The reasoning of the *Taylor* court has been adopted in jurisdictions which have found that employee industrial injuries sustained during travel to and from medical treatment may be compensable in certain circumstances. See *Laines v. Workmen's Compensation Appeals Board* (1975), 48 Cal. App. 3d 872, 122 Cal. Rptr. 139; *Telcon, Inc. v. Williams* (Fla. App. 1986), 500 So. 2d 266; *Moreau v. Zayre Corp.* (Me. 1979), 408 A.2d 1289, 1294; *Charles N. Clark Associates, Ltd. v. Dependents of Robinson* (Miss. 1978), 357 So. 2d 924; *Imperial Palace v. Dawson* (1986), 102 Nev. 88, 715 P.2d 1318; *Camp v. Lockheed* (1981), 178 N.J. Super. 535, 429 A.2d 615; *Font v. New York City Board of Education* (1991), 566 N.Y.S.2d 754, 170 A.D.2d 928; *Fenton v. SAIF Corp.* (1987), 87 Or. App. 78, 741 P.2d 517; see also 1 A. Larson, Law of Workmen's Compensation § 13:13, at 3—573 (1994).

We do not interpret those provisions of the Illinois Workers' Compensation Act which govern an employee's submission to medical treatment for work-related injuries as imposing a duty of employment upon the claimant in this case. *Keller v. Industrial Comm'n* (1984), 125 Ill. App. 3d 486, provides an example in which a statute imposed a duty of employment upon an employee. In *Keller*, the appellate court found compensable the injuries to an off-duty deputy sheriff on 24-hour call. These injuries resulted from an automobile collision involving the deputy sheriff's personal car while the deputy was attempting to pull over a reckless driver pursuant to a duty of employment imposed both by a written policy of the sheriff's department and by statute (see Ill. Rev. Stat. 1983, ch. 125, par. 82 (officer's duty to apprehend those who violate laws in the officer's presence)). The deputy sheriff's duties of employment included the statutory duty to apprehend the reckless driver. The appellate court held that the officer was acting in the course of his employment "from the moment [he] sought to perform his proper duties." *Keller*, 125 Ill. App. 3d at 489.

In contrast to the circumstances in *Keller*, the claimant in the case at bar was not required under the terms of his employment contract to submit to follow-up medical treatment for his work-related injury. The Act imposes a mandatory duty on employers to provide medical treatment "reasonably required to cure or relieve the effects of" an employee's work-related injury. (820 ILCS 305/8(a) (West 1992).) However, the Act does not require an employee to accept such medical treatment as a term or condition of employment. Failure of an employee to submit to such employer-provided medical treatment results only in the suspension or reduction of an award of compensation benefits (820 ILCS 305/12, 19(a) (West 1992)), not in the suspension or termination of the employment relationship.

Finally, we reject claimant's argument that his injury would not have occurred "but for" the prior work-related injury. In support of this contention, claimant points to this court's decisions in *G.H. Hammond Co. v. Industrial Comm'n International* (1919), 288 Ill. 262, and *International Harvester v. Industrial Comm'n* (1970), 46 Ill. 2d 238, and the appellate court's decision in *Fermi National Accelerator Lab v. Industrial Comm'n* (1992), 224 Ill. App. 3d 899. In *Hammond*, this court affirmed the Commission's award of compensation to the estate of a deceased worker who had died of complications after a fall which was caused by bone weakness from a prior work-related leg injury. (*Hammond*, 288 Ill. at 265-66.) In *International Harvester*, an employee suffered an initial work-related head injury that weakened his skull. Four years later, the same employee was struck in the head by his wife. This subsequent injury exacerbated the prior work-related injury and the employee was permanently disabled. This court affirmed the Commission's award of compensation based upon the clear chain of causation between the work-related injury and the subsequent injury, and the lack of an independent intervening cause to disrupt the chain of causation. (*International Harvester*, 46 Ill. 2d at 245.) In *Fermi National Accelerator Lab*, an employee who was on crutches due to an industrial accident slipped and fell, injuring his knee and thumb during a return trip from medical treatment for the work-related injury. The Commission determined, and the circuit court affirmed, that both injuries constituted a single accident and both injuries were thus compensable. *Fermi National Accelerator Lab*, 224 Ill. App. 3d 899.

Claimant's reliance on *Hammond*, *International Harvester* and *Fermi National Accelerator Lab* is misplaced. In contrast to the facts in the case at bar, the Commission found, in the cases cited by the claimant,

that the evidence supported a finding of causation between the latter injury and the employment. Moreover, the court in each of these cases emphasized that the weakened physical condition of the employee resulting from the prior work-related injury was the cause of the subsequent injury. In each of these cases, the work-related injury and the subsequent injury combined to form "a single compensable accident." (*Fermi National Accelerator Lab*, 224 Ill. App. 3d at 908.) In *Hammond*, the employee would not have died due to complications from his fall but for his weakened condition caused by his work-related injury. (*Hammond*, 288 Ill. at 265; *International Harvester*, 46 Ill. 2d at 245-46.) In *International Harvester*, the employee would not have been permanently disabled but for the weakened condition of his skull caused by his work-related injury. (*International Harvester*, 46 Ill. 2d at 244-47.) In *Fermi National Accelerator Lab*, the employee would not have injured his knee and thumb in a fall "but for" his being on crutches due to his work-related ankle injury. (*Fermi National Accelerator Lab*, 224 Ill. App. 3d at 908; see also *Teska v. Industrial Comm'n* (1994), 266 Ill. App. 3d 740, 742.) In the case at bar, the Commission failed to find a causal relationship between the claimant's work-related thumb injury and the knee injury. The claimant's knee injury resulted from an independent intervening cause, an automobile, and the collision was not the product of a weakened condition resulting from the claimant's prior work-related thumb injury. We believe that *Hammond, International Harvester* and *Fermi National Accelerator Lab* are inapplicable to the case before us.

While there are times when employee travel to medical treatment for work-related injuries may be compensable under the Act, the facts before us do not present such a case. We agree with the appellate court's conclusion in this case:

"In sum, we agree that an employee injured en route to medical treatment immediately after an injury is entitled to compensation. This result is not altered by the fact that the injury occurred after regular working hours. Beyond that point, however, each case must be decided on an individual basis." 262 Ill. App. 3d at 1113.

We conclude in the instant case that the causal relationship between the employment and the circumstances of the knee injury was too extenuated to establish that the injury arose out of and in the course of employment. The claimant's arguments do not support a determination by this court that the Commission's denial of compensation was against the manifest weight of evidence or contrary to law. We hold that claimant's knee injury neither arose from nor was sustained in the course of his employment.

For the reasons stated, the judgment of the appellate court is affirmed.

*Affirmed.*