(No. 78978.—

JOHN FITTS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Sahara Coal Company, Inc., Appellee).

*Opinion filed March 28, 1996.—Rehearing denied June 3, 1996.*

Harold B. Culley, Jr., of Culley & Wissore, of Raleigh, for appellant.

Richard H. Risse, of Keefe & DePauli, P.C., of Fairview Heights, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

John Fitts (hereinafter claimant) sought workers' compensation benefits, alleging that his respiratory ailments were caused by exposure to coal dust during his employment with respondent Sahara Coal Company (hereinafter employer). The Industrial Commission arbitrator determined that claimant did not suffer from coal worker's pneumoconiosis (black lung), but instead found that claimant's exposure to coal dust temporarily aggravated his smoking-induced emphysema and asthma. As compensation for the temporary aggravation, the arbitrator granted claimant a permanent partial disability award of $22^{1}/_{2}\%$. The Industrial Commission adopted and affirmed the decision of the arbitrator and that decision was confirmed on administrative review by the circuit court of Saline County. The Industrial Commission Division of the Appellate Court affirmed the circuit court's decision, with two justices dissenting. No. 5—94—0387WC (unpublished order under Supreme Court Rule 23). We granted claimant's

petition for leave to appeal (155 Ill. 2d R. 315). We now reverse and remand.

## FACTS

Claimant worked for nearly 20 years as an underground coal miner with employer. During this period, he was exposed to coal dust on a daily basis. From 1946 until 1980, claimant also smoked $1^{1}/_{2}$ packs of cigarettes per day. Claimant first noticed breathing problems in 1978 and his breathing difficulties steadily increased until 1988, when his shortness of breath forced him to stop working at the coal mine.

Before this court, claimant argues that: (1) the arbitrator improperly apportioned for the amount of aggravation; (2) the arbitrator erred when he ruled that claimant was not industrially disabled; and (3) the appellate court improperly acted as an advocate for the employer. As a result of our decision regarding the first issue, we will not need to address issue two or three.

## ANALYSIS

Before a reviewing court may overturn a decision of the Industrial Commission, it must find that the award was contrary to law (*Butler Manufacturing Co. v. Industrial Comm'n*, 85 Ill. 2d 213, 216 (1981)) or that the Commission's factual determinations were against the manifest weight of the evidence (*Paganelis v. Industrial Comm'n*, 132 Ill. 2d 468, 486 (1989)).

Claimant argues that he is entitled to a total disability award that was improperly reduced when the Commission apportioned between the disability caused by his exposure to coal mine dust and the disability caused by his years of cigarette smoking.

### Waiver

Employer's initial response to claimant's apportionment argument is that claimant waived any claim of apportionment by failing to assert it before the Industrial

Commission. Claimant counters that employer's claim of waiver is itself waived because employer responded to his apportionment argument before the circuit court without raising the waiver issue.

In reviewing a decision of the Industrial Commission, a court may consider only the record and arguments that were before the Commission. *Gunthrop-Warren Printing Co. v. Industrial Comm'n*, 74 Ill. 2d 252, 255 (1979); *Freeman United Coal Mining Co. v. Industrial Comm'n*, 81 Ill. 2d 335, 345 (1980). However, a claim of waiver may itself be waived. *McHugh-Brighton v. Industrial Comm'n*, 42 Ill. 2d 52, 58 (1969) (a contention that was not raised at any previous stage of the proceedings will not be considered the first time upon review); see *People v. Banks*, 243 Ill. App. 3d 525, 530 (1993) (when a criminal defendant makes an untimely *Batson* claim and the State addresses the merits, the State may not assert on appeal that the defendant's *Batson* claim was waived).

Although claimant failed to assert his apportionment argument before the Industrial Commission, on administrative review before the circuit court he argued: "[T]he Commission's decision is premised upon apportioning how much of [claimant's] pulmonary disease was aggravated by his coal dust exposure. *** [I]f coal dust played a causative role in the development of the disease, then apportioning based on only aggravation is error." Employer addressed the merits of the argument without claiming waiver, thereby waiving its right to claim waiver in this court. *McHugh-Brighton*, 42 Ill. 2d at 58.

## Apportionment

The Industrial Commission found that claimant's emphysema and asthma were aggravated by his exposure to coal dust and that he was entitled to an award "for the amount of that aggravation." Claimant argues

that the Commission's decision to grant an award for 22¹/₂% disability was contrary to law in that his rightful award of 100% was improperly reduced when the Commission apportioned between the percentage of disability caused by employment exposure to coal dust and the percentage caused by his smoking-induced emphysema and asthma.

The Illinois Workers' Occupational Diseases Act (hereinafter the Act) (820 ILCS 310/1 *et seq.* (West 1994)) allows recovery for two types of occupational diseases: employment-caused occupational diseases (820 ILCS 310/1(d) (West 1994) ("a disease arising out of and in the course of the employment")) and employment-aggravated occupational diseases (820 ILCS 310/1(d) (West 1994) ("a disease *** which has become aggravated and rendered disabling as a result of the exposure of the employment")). With either type of occupational disease, an award is proper only if the disability has a causal connection to the employment exposure. 820 ILCS 310/1(d) (West 1994). Once the propriety of an award is established, however, the size of the award is not affected by whether the occupational disease is employment caused or employment aggravated. Rather, once causation is found, a claimant is entitled to an award for the full nature and extent of his disability. See *Quality Wood Products Corp. v. Industrial Comm'n* (1983), 97 Ill. 2d 417, 420 (for workers' compensation purposes, an employer takes the employee as he finds him). Thus, any reduction of the award because of apportionment between employment and nonemployment causes of the disability is improper and contrary to law.

### Nature and Extent

It does not, however, necessarily follow that claimant is entitled to a total and permanent disability award. As noted above, claimant is entitled to a disability award

only for the nature and extent of his disability that was caused by employment exposure.

In his memorandum of decision, the arbitrator clearly stated that the *permanent* partial disability award was based upon *temporary* aggravation of claimant's breathing problems by employment exposure to coal dust. A finding of temporary aggravation, however, does not support a permanent disability award. If the aggravation was only temporary, the Commission should have awarded temporary disability to the extent of claimant's disability. See J. McElveen & L. Postol, *Compensating Occupational Disease Victims Under the Longshoremen's and Harbor Workers' Compensation Act*, 32 Am. U. L. Rev. 717, 739 (1983) ("[I]f a worker's employment only temporarily aggravated a chronic non-occupational disability, a permanent disability compensation award would not be justified. Rather, compensation could be awarded only for the temporary time period of the aggravation"). Furthermore, employment exposure that only temporarily aggravates a claimant's ailment lacks the causal connection necessary to support a permanent disability award. 820 ILCS 310/1(d) (West 1994) (an employment-aggravated occupational disease is a disease "which has become aggravated *and rendered disabling* as a result of the exposure of the employment" (emphasis added)); *Hash v. Montana Silversmith* (1992), 256 Mont. 252, 846 P.2d 981 (holding that a totally disabled claimant whose preexisting osteoarthritis was temporarily aggravated by her employment was entitled to temporary total disability benefits but not permanent total disability benefits because there was no causal connection between the temporary aggravation and the permanent disability). Accordingly, the arbitrator's permanent disability award is inconsistent with his finding of temporary aggravation and cannot be upheld.

A claimant whose preexisting ailment was temporarily aggravated by employment exposure is entitled to a disability award to the full extent of his disability, but only for the time the aggravation persists, even though the claimant may remain permanently and totally disabled after the effects of the aggravation have subsided.

## CONCLUSION

The Industrial Commission arbitrator awarded claimant permanent disability of $22^1/_2\%$ after finding employment exposure only temporarily aggravated claimant's preexisting breathing condition. This inconsistent finding renders unclear whether the Commission found a permanent aggravation but reduced the award through improper apportionment or whether the Commission found a temporary aggravation but mistakenly issued a permanent award. In either circumstance, the award was improper and contrary to law. We therefore reverse the judgments of the circuit and appellate courts, set aside the Commission's decision, and remand to the Commission for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment reversed;*
*Commission decision set aside;*
*cause remanded.*