(No. 86438.—

# FREEMAN UNITED COAL MINING COMPANY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Thomas Lefler, Appellant).

*Opinion filed October 21, 1999.—Rehearing denied November 29, 1999.*

MILLER, J., dissenting.

Bruce R. Wissore and Harold B. Culley, Jr., of Culley & Wissore, of Raleigh, for appellant.

Kenneth F. Werts and Julie A. Webb, of Craig & Craig, of Mt. Vernon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Claimant, Thomas Lefler, filed an application for adjustment of claim pursuant to the Workers' Occupational Diseases Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 172.36 *et seq.*) alleging that he had contracted an occupational disease, coal worker's pneumoconiosis (black lung disease), arising out of and in the course of his employment with Freeman United Coal Mining Company (the employer). The arbitrator denied Lefler's claim, finding that Lefler had failed to prove that he had been exposed to coal dust, the hazard upon which his claim was based, or that coal dust exposure was causally related to the impairment he claimed.

The Industrial Commission affirmed the arbitrator's decision, with one commissioner dissenting. On administrative review, the circuit court of Franklin County set aside the Commission's decision, holding that "the decision of the arbitrator was against the manifest evidence on the issue of exposure and disease." The court then

remanded the cause to the Industrial Commission for reconsideration.

On remand, the Industrial Commission reversed the arbitrator's decision. It ruled that Lefler's condition was, in fact, causally related to an occupational disease arising out of and in the course of his employment and that he was permanently totally disabled. Accordingly, the Commission ordered the employer to pay Lefler $261.57 per week for life and awarded him other relief.

The circuit court subsequently confirmed the Commission's decision. Over the dissent of two justices, the Industrial Commission Division of the appellate court reversed. No. 5—97—0354WC (unpublished order under Supreme Court Rule 23). In its order, as modified on denial of rehearing, the court held that the Commission's initial decision denying Lefler's claim based on the arbitrator's findings regarding lack of exposure and causation was not against the manifest weight of the evidence and should not have been set aside. It therefore reversed the circuit court's judgment and reinstated the Commission's initial decision.

The two dissenting appellate court justices filed a statement that the case involves a substantial question which warrants consideration by our court. Lefler then petitioned us for leave to appeal. 177 Ill. 2d R. 315(a). We granted review. For the reasons that follow, we now reverse the judgment of the appellate court and remand the cause to the appellate court for further proceedings.

Before a reviewing court may overturn a decision of the Industrial Commission, it must find that the award was contrary to law or that the Commission's factual determinations were against the manifest weight of the evidence. *Fitts v. Industrial Comm'n*, 172 Ill. 2d 303, 307 (1996). In this case, the Industrial Commission's initial decision denying Lefler's claim was contrary to law, as the circuit court correctly determined.

As we have indicated, the Industrial Commission based its original determination on the decision of the arbitrator, who held that Lefler had adduced no evidence regarding the duration, extent or frequency of his exposure to coal dust and had failed to prove by a preponderance of the evidence that he was exposed to coal dust. Under the Workers' Occupational Diseases Act, however, Lefler was not required to present evidence regarding the amount, time and duration of his exposure to the hazards of an occupational disease. Section 1(d) of the Act expressly provides that an employee

> "shall be conclusively deemed to have been exposed to the hazards of an occupational disease when, for any length of time however short, he or she is employed in an occupation or process in which the hazard of the disease exists ***." Ill. Rev. Stat. 1981, ch. 48, par. 172.36(d).

These conditions were satisfied here. There is no dispute that coal mining is an occupation in which the hazard of coal worker's pneumoconiosis is present. There is also no dispute that Lefler was employed as a coal miner. According to the record, Lefler worked as a coal miner for 33 years and was employed at a mine operated by Freeman United Coal Mining Company at the time he stopped working. Under these circumstances, the arbitrator should have taken Lefler's exposure to the hazard of coal worker's pneumoconiosis as having been conclusively established. Lefler was not obligated to present further evidence on the point, and it was not subject to challenge by the employer. See *U.S. Industrial Chemical Co. v. Industrial Comm'n*, 143 Ill. App. 3d 881, 890-91 (1986).

In an effort to validate the arbitrator's decision, the employer argues that evidence as to the timing and extent of Lefler's exposure was properly considered because he was required to establish that he suffered medically significant exposure to coal dust on the final day of his employment. We disagree. The Act does specify that compensation is only payable where disablement

"occurs within two years after the last day of the last exposure to the hazards of the disease," except in circumstances not relevant here. Ill. Rev. Stat. 1981, ch. 48, par. 172.36(f). In addition, where the disability was caused by coal worker's pneumoconiosis, the law provides that the application for compensation must be filed with the Commission within five years after the employee was last exposed where no compensation has been paid, or within five years after the last payment of compensation where such payments have been made. Ill. Rev. Stat. 1981, ch. 48, par. 172.41(c). Nothing in the Act, however, makes an employer's liability contingent on a claimant's ability to link his condition to exposure on the final day of his employment with that employer.

Claimants such as Lefler are apt to have been exposed to the hazards of coal worker's pneumoconiosis over a prolonged period of time in a variety of work settings. Under the Act, they are not required to establish which exposure led to their disease. They are not even required to identify the employer for whom they were working when they sustained the exposure that produced their disease. The employer who is liable is simply the "employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure." Ill. Rev. Stat. 1981, ch. 48, par. 172.36(d). There is no dispute that the employer in this case met that description. Freeman United Coal Mining Company was "the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed" within the meaning of the Act. Accordingly, whether Lefler was actually exposed to coal dust on his last day of work and whether that exposure, if any, was medically significant, are not determinative of the employer's liability.

*Thermos Co. v. Industrial Comm'n*, 83 Ill. 2d 54

(1980), cited by the employer, does not mandate a contrary result. In that case it was necessary to determine "the date of the last exposure which caused the claimant's incapacity." *Thermos Co.*, 83 Ill. 2d at 58. Such a determination, however, was not necessary in order to impose liability on the employer. It pertained to the wholly separate issues of when compensation should commence and which of the employer's multiple insurance carriers were required to pay that compensation. See *H&H Plumbing Co. v. Industrial Comm'n*, 170 Ill. App. 3d 706, 719 (1988). Those matters are not in dispute here.

Because the Industrial Commission based its original determination on an arbitration decision that was incorrect as a matter of law, the circuit court properly reversed that decision and remanded the cause to the Commission for further consideration. There is no merit to the appellate court's view that the Commission's decision should have been sustained despite this error on the grounds that Lefler had failed to prove that his exposure was the proximate cause of his physical ailments. Although the Commission was initially willing to accept the arbitrator's conclusion that Lefler's physical condition was not causally related to his exposure to coal dust while working for the employer, it squarely rejected that conclusion in its subsequent decision based on the same evidence.

To accept the appellate court's position would require us to hold, in effect, that the Commission's initial factual determination is entitled to greater deference than the factual determination it made following remand from the circuit court. We know of no principle of logic or judicial review that would support such a result. Where the Commission has had the opportunity to review the evidence in a proceeding for a second time, it is the Commission's ultimate determination that should be accorded deference, not the determination it made initially.

That is particularly true in the case before us today. As we have noted, the Commission's initial decision was based on the legally erroneous determination that Lefler had not even been exposed to coal dust. Because the Commission believed that Lefler had not been exposed, it could never have found that Lefler's condition was caused by coal dust exposure. Without exposure, causation would be impossible, medically and as a matter of law. The Commission's erroneous finding as to exposure was therefore inextricably linked to its initial finding as to causation. As a result, once the Commission's original determination as to exposure was rejected, as the law required it to be, its finding as to causation could no longer stand.

The connection between the Commission's view on exposure and its original finding as to causation was confirmed by the subsequent proceedings in the case. Once the Commission applied the law correctly on remand and recognized that there had been exposure, it reversed its initial holding and found that Lefler's "present condition of ill-being was causally connected to his exposure to coal dust while working for [the employer]." That finding underlies the decision which gave rise to this appeal, and there is no basis for setting it aside.

The determination of causation is a question of fact for the Commission. *Beattie v. Industrial Comm'n*, 276 Ill. App. 3d 446, 449 (1995). The Commission's determination in this case was amply supported by the record. Where a miner suffering from pneumoconiosis was employed in one or more coal mines for 10 years or more, as Lefler was, there is a statutory presumption that his pneumoconiosis arose out of his employment. Ill. Rev. Stat. 1981, ch. 48, par. 172.36(d). Under the terms of the statute, the presumption is rebuttable. The employer in this case, however, failed to rebut the presumption. Although a physician who examined Lefler on behalf of the employer testified in his deposition that Lefler suffered

from asthma and emphysema caused by smoking rather than from coal worker's pneumoconiosis caused by exposure to coal dust, two other physicians diagnosed Lefler as having coal worker's pneumoconiosis in addition to other lung conditions, including emphysema and bronchitis. Moreover, those doctors opined that while smoking was a factor in producing Lefler's other lung conditions, exposure to coal dust was responsible for those conditions as well. The appellate court was therefore wrong to reverse the circuit court's judgment on the grounds that Lefler had failed to prove that his physical ailments were causally related to coal dust exposure.

In the appellate court, the employer argued, in the alternative, that even if the Commission was correct in finding exposure and causation following remand, the record failed to support its determination that Lefler was permanently and totally disabled. Because the appellate court agreed with the employer that Lefler had failed to properly establish coal dust exposure and causation, the court did not reach this argument. Now that we have found the appellate court's treatment of the exposure and causation issues to be incorrect, however, the Commission's finding as to Lefler's permanent and total disability is subject to review. Accordingly the matter is remanded to the appellate court for consideration of that issue. *Waste Management of Illinois, Inc. v. Illinois Pollution Control Board*, 145 Ill. 2d 345, 352 (1991).

For the foregoing reasons, the judgment of the appellate court is reversed, and the cause is remanded to the appellate court for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*cause remanded.*

JUSTICE MILLER, dissenting:
I do not agree with the majority's conclusion that the

Industrial Commission's second decision in this case, on remand from the circuit court, is entitled to greater deference than its initial decision. For that reason, I respectfully dissent.

In this case, the circuit court reversed the Commission's initial decision, finding that it was against the manifest weight of the evidence, and remanded the matter to the Commission for further proceedings. On reconsideration of the same record—the parties did not present any additional evidence—the Commission then reached a different result. The majority concludes from this chronology that the Commission's later decision is entitled to greater deference because it represents the Commission's last word on the subject. I do not agree.

Reading the circuit court's initial order, the Commission understandably believed that it was to reach a different result on remand, and it did so. Accordingly, I do not agree with the majority that the Commission's later decision should command more deference than its original one. In my view, the Commission's first decision, which represents the Commission's original view of the evidence, is entitled to greater deference. In its first decision, the Commission affirmed and adopted the decision of the arbitrator, who concluded that the claimant's respiratory condition was not caused by exposure to coal dust. The arbitrator's decision carefully reviewed the testimony of the three expert witnesses in the case, who disagreed on the question whether the claimant was suffering from coal worker's pneumoconiosis, but who all found the claimant's history of smoking to be significant.

It is within the province of the Commission to judge the credibility of witnesses, to draw reasonable inferences from their testimony, and to determine what weight the testimony is to be given. *Parro v. Industrial Comm'n*, 167 Ill. 2d 385, 396 (1995). Accordingly, the decision of the Industrial Commission on a question of fact will not

be disturbed unless it is contrary to the manifest weight of the evidence. *Lee v. Industrial Comm'n*, 167 Ill. 2d 77, 82 (1995); *Brady v. Louis Ruffolo & Sons Construction Co.*, 143 Ill. 2d 542, 549 (1991); *Orsini v. Industrial Comm'n*, 117 Ill. 2d 38, 44 (1987). I do not believe that the Commission's first decision was against the manifest weight of the evidence. For these reasons, I would affirm the judgment of the appellate court, Industrial Commission division, which upheld the Commission's original decision in this case.